USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/8/21__

OF THE DISTRICT ATTORNEY, Bronx County

**DARCEL D. CLARK**　　198 East 161st Street　　(718) 838-7095
*District Attorney*　　Bronx, New York 10451　　Fax (718) 590-6523

March 5, 2021

Honorable Barbara Moses
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20A
New York, New York 10007-1581



RE:　*Mayrant v. Keyser*, 20 Civ. 09324 (GBD)(BCM)

Dear Judge Moses:

    My Office represents the Respondent in the above-entitled proceeding, and pursuant to your Order dated January 19, 2021, our response to Petitioner's *pro se habeas corpus* petition is currently due March 19, 2021. I am writing to join petitioner's request that this Court stay the proceedings, including the filing of Respondent's response, to ensure exhaustion of his claims.

    In his petition, Petitioner argues, *inter alia*, that because the criminal court complaint used to commence his prosecution was "jurisdictionally defective," the state court "lack[ed] . . . trial jurisdiction." See Pet., p.4. He also acknowledges that he initially raised this claim in a CPL § 440.10 motion, which is currently pending in state court and "request[s] . . . a stay and abeyance" to exhaust this claim. See Pet., p. 3-4; see also Exhibit 1, CPL § 440.10 motion. Because petitioner's claim is unexhausted (*see* 28 U.S.C § 2254[b][1]), Respondent joins in this request.

    "As a matter of comity, federal courts should not consider a claim in a *habeas corpus* petition until after the states court have had an opportunity to act." *Rose v. Lundy*, 455 U.S. 509, 515 (1982), citing *Ex parte Royall*, 117 U.S. 241, 251 (1886); *see also Younger v. Harris*, 401 U.S. 37, 43–45, (1971); 28 USC 2254(b)("an application for a writ of *habeas corpus* . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). Thus, "in the interests of comity and federalism . . . state courts must have the first opportunity to decide a petitioner's claims," (*Rhines v. Weber*, 544 U.S. 269, 273 [2005]), otherwise, a petition that contains both exhausted and unexhausted claims fails to meet the total

exhaustion requirement imposed upon writs of *habeas corpus* and must be dismissed. *Rose v. Lundy*, 455 U.S. at 510, 522.

Accordingly, Respondent requests this Court stay the proceedings, including the filing of the undersigned's response, until 45 days after Petitioner exhausts his claim in state court. In doing so, however, Respondent makes no concessions regarding the merits of any of petitioner's arguments and does not comment on any facts or allegations petitioner raises in his motion. Moreover, determining whether such a stay is appropriate is within this Court's discretion. *Rhines v. Weber*, 544 U.S. at 277 (2005).

Respectfully,

cc: Raymond Mayrant  
16-A-0232  
Sullivan Correctional Facility  
P.O. Box 700  
Fallsburg, New York 12733

*Cynthia A. Carlson*  
Cynthia A. Carlson  
Bronx County District Attorney  
Assistant District Attorney  
198 East 161st Street  
Bronx, New York 10451  
Carlsonc@bronxda.nyc.gov

---

Application GRANTED. This action is STAYED and held in abeyance until 45 days after a decision is issued in state court on petitioner's CPL § 440.10 motion. Petitioner is directed to notify the Court within ten days of receiving a decision on his motion. Failure to timely notify this Court and request that the Court lift the stay may result in dismissal for failure to prosecute.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* petitioner.

SO ORDERED.

_____  
Barbara Moses, U.S.M.J.  
March 8, 2021

EXHIBIT 1, Petitioner's CPL § 440.10 motion

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF: Bronx
-----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,
                                  Respondent(s)

        - against -

Raymond Maylant

                                  Defendant(s).
-----------------------------------------------------------------X

**NOTICE OF MOTION TO VACATE JUDGMENT**
C.P.L. §440.10

Ind. No. 305/13

PLEASE TAKE NOTICE that upon the annexed affidavit of Raymond Maylant sworn to on the 6th day of May, 2020 (and documents attached thereto) and upon the accusatory instrument and all other papers filed and proceedings herein, defendant will move this Court, at the Courthouse located at 265 East 161st Bronx N.Y 10451 on the 8th day of June, 2020 at 10:00 a.m., or as soon thereafter as counsel may be heard, for:

An order, pursuant to Criminal Procedure Law §440.10(1[a]), vacating the judgment entered against the above-named defendant on the 11th day of February, 2016, on the following grounds.

(a) illegal arrest warrant
(b) lack of trial jurisdiction
(c) _____

An order,

An order, pursuant to Crim. Proc. Law §440.30(5), to produce the defendant at any hearing conducted to determine this motion; and

Such other and further relief as the Court may deem just and proper.

Dated: Fallsburg, New York
May 6, 2020

Yours, [signature]
                Pro-se

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF: _Bronx_
-----------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK,
                              Respondent(s)

          -against-

_Raymond Maylant_,
                         Defendant(s).
-----------------------------------------------------------------X

**AFFIDAVIT IN SUPPORT OF MOTION TO VACATE THE JUDGMENT C.P.L. §440.10**

Ind. No. _305/13_

STATE OF NEW YORK  )
                         ) ss.:
COUNTY OF SULLIVAN  )

I, _Raymond Maylant_ being, duly sworn, deposes and says:

1. I am the defendant in the above-entitled proceeding. I make this affidavit in support of a motion, pursuant to section 440.10, subdivision _1 [a]_, to vacate the judgment of conviction herein, upon the grounds that:

(a) _illegal arrest warrant_
(b) _lack of trial jurisdiction_
(c) _____

2. I was, indicted for:

(a) _Murder in the Second degree_
(b) _Attempted murder in the Second degree_
(c) _Criminal possesion of weapon_.

3. At arraignment I entered a plea of "not guilty" and posted bail in the, amount of $_____. I was, tried in this court before Hon. Judge _Alvin yearwood_ on the _7th_ day of _November, 2015_ The case was, submitted to _Jury_.

4. On _Feb, 11, 2016_ I was, sentenced to: _25 years to life /. 25 years consecutively_

2

5. The evidence adduced at my trial may be, summarized as follows: _There was no evidence at my trial_.

6. _____.

7. [If applicable, include:] Among the evidence gathered by the State in its investigation of the crime and admitted at my trial [or] but not admitted at my trial was _N/A_ _N/A_ is relevant to proof of guilt in that _N/A_. My conviction occurred prior to January 1, 1996, to wit, on _____, __, _N/A_

8. The ground(s) for relief raised upon this motion has (have) not previously been determined on the merits upon a prior motion or proceeding in a court of this state, or upon a appeal from the judgment, or upon a prior motion or proceeding in a federal court.

9. WHEREFORE, I respectfully request that my conviction be vacated on the ground that _A violation of my 4th and 5th Constitutional Rights occured_, and that this Court grant such other and further relief as it may deem just and proper [or if applicable];

10. WHEREFORE, I respectfully request an Order of this Court pursuant to N.Y. Crim. Proc. Law _440.10_ and granting such other and further relief as the Court may deem just and proper.

Dated: _May 6_, 20_20_

_____
Defendant, Pro-se

Sworn to before me this
____ day of _May_, 20_20_.

_____
NOTARY PUBLIC

RICHARD P. WISSLER
Notary Public, State of New York
No. 01WI6397622
Qualified in Orange County
My Commission Expires on September 9, 2023

3

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF SULLIVAN    )

I, _Raymond Magrant_, being duly sworn, deposes and says:

I am the _defendant_ in the enclosed action.

I have on this _29_ day of _May_, 20_20_, placed and submitted within the institutional mailbox located at Sullivan Correctional Facility, P.O. Box 116, 325 Riverside Drive, Fallsburg, NY 12733 the following: _CpL 440.10 Notice of Motion to Vacate Judgment_.

to be duly mailed and delivered via the United States Postal Service upon the following party[s]:

Supreme Court                          Darcel D. Clark
Court clerk                            District Attorney
265 East 161st                         198 East 161 Street
Bronx, NY 10451                        Bronx, New york 10451

Respectfully submitted,

[Signature] _/s/ Raymond Magrant_
[Print Name] _Raymond Magrant_
Sullivan Correctional Facility
P.O. Box 116
Fallsburg, N.Y. 12733-0116

Sworn to before me this
_29_ day of _May_, 20_20_

_____
NOTARY PUBLIC

CHRISTOPHER E BARRETO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BA6382056
Qualified in Orange County
My Commission Expires October 15, 2022

**Ground One**: The felony complaint that was used to commence a criminal action against me is jurisdictionally defective because it never established reasonable cause which is the equivalent of probable cause the constitutional prerequisite for a lawful arrest. **C.P.L. 120.20**. I say this because in my felony complaint which is based-on information and belief failed to establish the witnesses bases of knowledge of information and the grounds of belief. There was nothing said in my felony complaint stating the witnesses observed me the defendant committing any criminal act and nothing was stated that the witness identified me as the suspect. The basis of knowledge and reliability of the witnesses was never shown. Therefore, reasonable cause was never established. Which is a violation of the United States Constitution Fourth Amendment because it states in essentially identical wording:

> The right of the people to be secured in their persons, houses, and effects, against unreasonable searches and seizures, shall not be violated. And no warrants shall issue- but upon probable cause, supported by oath of affirmation and particularly describing the place to be searched, and the person or things to be seized."

Reasonable cause must be demonstrated on the face of an accusatory instrument in order to confer jurisdiction of the criminal action and control over the liberty of an accused person which is a United States Constitutional requirement which was never established in my felony complaint. See *Fitzpatrick v. Rosenthal*, 809 N.Y.S. 2d 729. See also, *Giordennello v. US*, 357 U.S. 480 (1958).

In this case, *Illinois v. Gates*, 462 U.S. 213 (1983), where a petition for certiorari filed by the State seeking review of a decision of the Illinois Supreme Court, 85 Ill. 2d 376, 53 Ill. Dec. 218. 423 N.E. 2d 887, which affirmed decision of lower state court, 82 Ill. App. 3d 749, 38 Ill. Dec. 62, 403, N.E. 2d 77, which upheld order granting motion suppressing evidence seized pursuant to a search warrant. The Supreme Court Justice Rehnquist, held that: (1) rigid two-pronged test under Aguilar and Spinelli for determining whether an informant's tip establishes probable cause for issuance of a warrant would be abandoned and a totality of the circumstances approach that traditionally has informed probable cause determinations would be substituted in its place.

But at the same time in section *230 agrees with the Illinois Supreme Court that an informant's "veracity, reliability, and bases of knowledge are all highly relevant in determining the value of his report. Then it goes on to say in section *233 that there are persuasive arguments against according to these two elements such independent status. Instead they are better understood as relevant considerations in the totality of the circumstances analysis that traditionally has guided probable cause determinations. A deficiency in one may be compensated, for in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.

In my felony complaint which I attached to this motion, marked as Exhibit "A," did not set forth neither the basis of knowledge or the reliability prong because my felony complaint which states the grounds for the deponent's belief are as follow: deponent states based upon official investigation which it never explains what the investigation revealed and then it says witnesses known to the police department in which no information was furnished to the court concerning whether the witnesses accounts came from an anonymous or a paid informant, in which event an independent showing of reliability would have been required, or whether those accounts came from an identified citizen informant; in which event there would be no need to furnish further evidence of reliability. In the case *of Giordenllo v. U.S.*, 357 U.S. 480 (1958), states the language of the Fourth Amendment, that no warrants shall issue but upon probable cause, supported by oath or affirmation and particularly describing the persons or things to be seized ***, of course applies to *486 arrest as well as search warrants. Therefore, a warrant for my arrest should never have been issued as result of my felony complaint which never established probable cause. Also see *State v. Chaplin*, 191 Vt. 583 (2013).

**Ground Two**: My Fifth Amendment due process clause of the United states Constitution was violated because the court lacked jurisdiction over me at the time of my trial and having jurisdiction means that the court has the power to hear my case which it did not because my felony complaint which was used to commence a

criminal action against me is jurisdictionally defective because it did not establish reasonable cause. I say this because my felony complaint which was based upon information and belief, never established the witness's sources of information and the grounds of belief. There was nothing stated in my felony complaint that the witness observed me the defendant committing any criminal act and nothing was stated that the witnesses identified me as the suspect. The basis of knowledge and reliability of the witnesses was never shown. Which is a United States constitutional right that reasonable cause must be demonstrated on the face of the felony compliant in order for the court to confer jurisdiction of the criminal action and control over the liberty of an accused person. Therefore, the court lacked jurisdiction to hold a trial let alone, convict me. See *Butler v. King*, 781 F. 2d 486, 490 (5th Cir. 1986); *Lowey v. Estelle*, 696 F. 2d 333, 336-38 (5th Cir. 1983).

Respectfully submitted,

Raymond Mayrant
16-A-0232

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mayrant

*(List the name(s) of the plaintiff(s)/petitioner(s).)*

20 Civ. 09324 ( GBD ) ( BCM )

- against -

**AFFIRMATION OF SERVICE**

Keyser

*(List the name(s) of the defendant(s)/respondent(s).)*

I, *(print your name)* Cynthia A. Carlson , declare under penalty of perjury that I served a copy of the attached *(list the names of the documents you served)*: Letter motion joining stay application

upon all other parties in this case by *(state how you served the documents, for example, hand delivery, mail, overnight express)* mail to the following persons *(list the names and addresses of the people you served)*: Raymond Mayrant, 16-A-0232 Sullivan Correctional Facility, P.O. Box 700, Fallsburg, New York 12733

on *(date you served the document(s))* March 5, 2021 .

March 5, 2021
Dated

*Cynthia A. Carlson*
Signature
198 East 161st Street
Address
Bronx, New York
City, State
10451
Zip
(718) 838-7095
Telephone Number
carlsonc@bronxda.nyc.gov
E-Mail Address

Rev. 01/2013